IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MANUEL LOZANO BLANCO** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-113 |
| | § | (4:17-CR-174(11)) |
| **UNITED STATES OF AMERICA** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Manuel Lozano Blanco's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, in which he asserts constitutional violations concerning his Eastern District of Texas, Sherman Division conviction and sentence. After reviewing the case, the Court concludes that Movant's § 2255 motion should be denied and the case should be dismissed with prejudice.

### I. BACKGROUND

On February 6, 2020, the Court sentenced Movant to 135 months' imprisonment after he pled guilty pursuant to a written plea agreement to Conspiracy to Possess with the Intent to Distribute Heroin, in violation of 21 U.S.C. § 846. Crim. ECF (Dkt. #416 & 491). The plea agreement contained the following relevant provisions:

> 3. **SENTENCE**: The maximum penalties the Court can impose include:
>
>     a.    If 1 kilogram or more of a mixture or substance containing a detectable amount of heroin – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years;
>
>     b.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk

    before sentencing;

 c. forfeiture of property involved or traceable to the criminal offense;

 d. restitution to victims or to the community; and

 e. costs of incarceration and supervision.

4. **GUIDELINE STIPULATIONS**: The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

 a. The amount involved during the term of the conspiracy involved at least 30 kilograms but less than 90 kilograms of a mixture or substance containing a detectable amount of heroin. This amount was involved in the conspiracy after the defendant entered the conspiracy, was reasonably foreseeable to the defendant, and was part of jointly undertaken activity resulting in a base offense level pursuant to U.S.S.G. § 2D1.1 of 36.

 b. A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to the recommendation of the United States Probation Office. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this Agreement, this stipulation is void and the defendant may object to the failure of the Presentence Report to recommend the reduction. The government's request to decrease the offense level by <u>one</u> level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

 c. The defendant does not qualify for a reduction under U.S.S.G. § 3B1.2 (Mitigating Role) and a decrease of two levels.

Crim. ECF (Dkt. #368 at 2-3). Movant did not file a direct appeal.

On February 5, 2021, Movant filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging the following points of error:

2

1. Ineffective assistance of counsel for failing to advise Movant "that a prosecutor's failure to prove just a single element of the charged offense conduct alleged in COUNT ONE of the First Superseding Indictment would result in acquittal as a matter of constitutional law, Movant would have persisted in the NOT GUILTY plea and exercised the right to a jury trial;"

2. Ineffective assistance of counsel for failing to know "that Movant was in fact at least arguably eligible for a reduced term of imprisonment, consistent with statutory law and the United States Sentencing Guidelines, that would have been as much as five level points below the sentencing range imposed;"

3. Ineffective assistance of counsel for "advising Movant to: i) waive the right to a jury trial; ii) stipulate to factualy [sic] untrue events and conduct; iii) notwithstanding Movant's apprisal that he was not responsible for anywhere near 30 kilograms of heroin, and that Movant did not know or agree to partake in [a]ny act–legal or illegal–with any of the charged individuals identified in COUNT ONE of the First Superseding Indictment (codefendants 2 through 9); and, iv) despite Movant's adamant apprisal that charged elements of the offense were positively unprovable/unsustainable, counsel nevertheless advised and urged Movant to change his plea to GUILTY knowing that the plea agreement expressly and purposefully charged defecient [sic] facts that would act to deprive Movant safety valve and/or mitigating role base offense level adjustments that would have the effect of reducing imprisonment exposure by as many as five offense levels (i.e. 78 months vis a vis the 135 months imposed) below the range ultimately imposed;"

4. Ineffective assistance of counsel when "he failed to object to the sentence as imposed, or was otherwise constitutionally ineffective because counsel was derlict [sic] in his fiduciary duty to know that the procedural process in which the Court determined the term of imprisonment, as imposed and reflected on the subsequent Judgement and Order of Commitment, was not imposed 'pursuant to the Sentencing Reform Act of 1984' as mandated."

*See* Civil Action No. 4:21cv113 (Dkt. #1).

The Government was ordered to show cause on April 1, 2021 (Dkt. #6). On August 16, 2021, the Government filed a Response (Dkt. #11). The Government argues that the record refutes Movant's points of error one through three, that the record reflects that Movant's plea was knowing and voluntary, and Movant's last point of error is conclusory. More than ample time has passed, yet

Movant has failed to file a reply.

## II. STANDARD OF REVIEW

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV. ANALYSIS

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; the Movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. "This includes all claims of ineffective assistance of counsel, except insofar as the

alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted). This includes claims regarding a failure to investigate or a failure to challenge police misconduct. *United States v. Glinsey*, 209F.3d 386, 392 (5th Cir. 2000). In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine that the plea represents "a voluntary choice among the alternative courses of action open to the defendant." *Id*. 474 U.S. at 56. "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Additionally, the Supreme Court has determined that "the representations of the defendant ... [at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (en banc).

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *See Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with

obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989)).

Movant's points of error 1 through 3 are, in essence, challenges to the voluntariness of the plea. Here, on a fully developed record on federal habeas review, it is clear Movant's statements made in open court, as well as his signed Plea Agreement and Factual Basis, show that Movant's decision to plead guilty was voluntary and knowing. In his signed Factual Basis, Movant stated:

> 3. That **Manuel Lozano Blanco** and one or more persons in some way or manner made an agreement to commit the crime charged in the First Superseding Indictment, to knowingly and intentionally possess with the intent to distribute and dispense at least 30 kilograms but less than 90 kilograms of a mixture or substance containing a detectable amount of heroin.
>
> 4. That **Manuel Lozano Blanco** knew the unlawful purpose of the agreement and joined in it with the intent to further it.
>
> 5. That **Manuel Lozano Blanco** knew that the amount involved during the term of the conspiracy involved at least 30 kilograms but less than 90 kilograms of a mixture or substance containing a detectable amount of heroin. This amount was involved in the conspiracy after the defendant entered the conspiracy, was reasonably foreseeable to the defendant, and was part of jointly undertaken activity.
>
> 6. That **Manuel Lozano Blanco's** role in this conspiracy was to supply co-conspirators with kilogram quantities of heroin, imported from Mexico, from various sources which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas.

Crim. ECF (Dkt. #370). Movant and his trial counsel signed the Factual Basis, wherein Movant acknowledged his role in the conspiracy and agreed that the conspiracy involved at least 30 kilograms but less than 90 kilograms of heroin. During the plea hearing, Movant affirmed that he

7

waived his right to a jury trial, that he knew the statutory range of punishment in his case was not less than 10 years and no more than life imprisonment, a fine not to exceed $10 million or twice any pecuniary gain, and a term of supervised release of at least 5 years. Crim. ECF (Dkt. #492 at 10-11). Movant also affirmed that he had reviewed the applicable Guideline provisions and range with his trial counsel and that while the Court could refer to the Guidelines, the Court was not bound by them. *Id*. at 11. Movant affirmed that while he and the Government agreed that certain Guideline stipulations applied in his case, the Court was not bound by them and could apply a different Guideline provision. *Id*. at 11-12. Movant stated in the affirmative that no one had forced or threatened him to plead guilty and that no other promises or assurances had been made in an effort to induce a plea of guilty. *Id*. at 12. Finally, Movant stated that everything in the Factual Basis was true and correct. *Id.* at 17. Movant also affirmed that the amount that he was responsible for as stated in the Factual Basis was correct and that he agreed with his role as stated therein. *Id.* at 18-19.

Particularly relevant is the following exchange at sentencing:

| MR. HAYNES: | Which I had assumed the Court has reviewed, so I won't reiterate everything that's contained in that. However, Your Honor, I would point out that our request at this time would be either a downward departure or a variance that would allow the Court to sentence Mr. Blanco to a punishment range – to a sentence of 120 months, which would be 15 months below the calculated Sentencing Guideline range. That is the minimum for the charge that he is facing. |
|---|---|
| THE COURT: | Well, let me ask you this. Why – what happened that he didn't qualify for safety valve? |
| MR. HAYNES: | He decided that cooperating with the Government was not something that he wanted to do. |
| THE COURT: | Yeah, but for safety valve, it only requires him to give information regarding his actions. It doesn't require him to |

|||
|---|---|
| | cooperate against others. |
| MR. HAYNES: | Yes, Your Honor. |
| THE COURT: | So he holds that – he had the ability to lower his sentence by taking that action, so why should I consider a variance when he didn't do anything to help himself? |
| MR. HAYNES: | Our arguments are simply based on the history and characteristics of the Defendant himself, Your Honor, and the fact that he has zero criminal history in his past, and the other things that we've set out in the sentencing memorandum that you already reviewed.  So we were basing it simply on that and the factors of 3553(a) that I believe that the sentence of 120 months is sufficient but not greater than necessary to accomplish the goals of 3553(a). |
| THE COURT: | And what would have been the Guideline range if he had qualified for safety valve?  I mean, I can calculate it here quickly. |
| MR. HAYNES: | I can't say I calculated it personally, Your Honor, to be honest. |
| THE COURT: | It would have been 108 to 135 if he had qualified for safety valve, which he completely controlled his own fate and didn't try to help himself.

I guess I am trying to understand why should I grant a variance to a defendant who's not going to at least help himself when he has that ability.  I mean, give me some reason.  Because it just mystifies me why I should help him when he's not going to try to help himself. |
| MR. HAYNES: | I understand, Your Honor. |
| THE COURT: | I mean, give me – I'm giving you an opportunity to give me a good reason why I should ignore that fact and still grant him a variance. |
| MR. HAYNES: | We had numerous discussions about his desires and how he wanted to handle his case, and I can't say that I can get inside of his head and tell you exactly what it was that motivated |

>                          him to make the decision that he made.
>
> THE COURT:    Okay. That's fine. I don't want you – that's fine.

Crim. ECF (Dkt. #491 at 4-6). This demonstrates that Movant had the choice to cooperate and become eligible for the safety valve and made a deliberate choice not to do so. Movant's post-hoc assertions here regarding counsel are not credible.

The record, as well as Movant's statements, show Movant's choice to plead guilty was a voluntary choice among the alternative courses of action open to him. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge*, 431 U.S. at 73–74). In light of the statements Movant made in open court, it cannot be concluded that Movant's plea was involuntary or unknowingly entered. The record demonstrates Movant's plea was knowing, voluntary and intelligent. Movant has failed to show either deficient performance or prejudice relating to his claims. Accordingly, Movant's claim that his plea was involuntary is without merit and points of error 1 through 3 are denied.

With respect to point of error 4, the Court agrees with the Government that this claim is conclusory. Movant does not explain how the imposition of his sentence does not comply with 18 U.S.C. § 3621(a). Nor does Movant explain how any action by his trial counsel would affect the sentence that was imposed. Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). This claim is denied.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, this Court, nonetheless, addresses whether Movant would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor could they find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## VII.  CONCLUSION AND ORDER

In sum, the record reflects that Movant's plea was knowing and voluntary and that Movant's after-the-fact assertions of ineffective assistance of counsel are not supported by the record. Finally, Movant's point of error 4 is conclusory and does not support a constitutional violation.

It is therefore **ORDERED** the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**IT IS SO ORDERED**.

 SIGNED this 23rd day of September, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE